IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dianna Madison, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 2344 |
| Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Dianna Madison, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Dianna Madison ("Madison"), is a citizen of the State of Iowa, from whom Defendant attempted to collect a delinquent consumer debt owed to Wells Fargo Bank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ERC operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ERC was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

5. Defendant ERC is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant ERC conducts business in Illinois.

6. Moreover, Defendant ERC is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant ERC acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Madison is a disabled woman, with limited assets and income, who fell behind on paying her bills. When ERC began trying to collect the Wells Fargo Bank debt from Ms. Madison, by sending her a collection letter dated July 11, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ERC's collection actions. A copy of Defendant ERC's collection letter is attached as Exhibit C.

8. Accordingly, on August 11, 2011, one of Ms. Madison's attorneys at

LASPD informed ERC, in writing, that Ms. Madison was represented by counsel, and directed ERC to cease contacting her, and to cease all further collection activities because Ms. Madison was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant ERC sent Ms. Madison another collection letter, dated January 6, 2012, demanding payment of the Wells Fargo Bank debt. A copy of this letter is attached as Exhibit E.

10. Accordingly, on February 28, 2012, one of Ms. Madison's LASPD attorneys had to write to Defendant ERC again to demand that it cease communications and cease collection of the Wells Fargo Bank debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant ERC's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ERC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

3

15. Here, the letter from Ms. Madison's, agent/attorney, LASPD, told Defendant ERC to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant ERC violated § 1692c(c) of the FDCPA.

16. Defendant ERC's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ERC knew that Ms. Madison was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ERC to cease directly communicating with her. By sending Ms. Madison the January 6, 2012 collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant ERC violated § 1692c(a)(2) of the FDCPA.

20. Defendant ERC's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dianna Madison, prays that this Court:

1. Find that Defendant ERC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Madison, and against Defendant ERC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dianna Madison, demands trial by jury.

Dianna Madison,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 29, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5